IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| TONYEL Y. BELL,<br><br>      Plaintiff,<br><br>v.<br><br>TIFT COUNTY HIGH SCHOOL, *et al.*,<br><br>      Defendants. | Case No. 7:22-cv-121 (HL) |

**ORDER**

Plaintiff Tonyel Y. Bell has resubmitted his Motion for Leave to Proceed *In Forma Pauperis* ("IFP") on the proper form, in compliance with the Court's previous order. (Docs. 5; 6.) Bell satisfies the poverty requirement to proceed IFP, and therefore, his motion is **GRANTED**. Pursuant to 28 U.S.C. § 1915(e), the Court must also screen Bell's complaint for frivolity. As explained below, the Court lacks subject matter jurisdiction over Bell's claims, and Bell's claims are untimely. Accordingly, Bell's complaint is **DISMISSED**.

**I. DISCUSSION**

When considering a motion to proceed IFP filed under § 1915(a), "[t]he only determination to be made by the court … is whether the statements in the affidavit satisfy the requirement of poverty." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004). Where a Plaintiff demonstrates economic eligibility to file IFP,

the court should docket the case and then "proceed to the question ... of whether the asserted claim is frivolous." *Id*.

## A. Financial Status

Motions to proceed IFP are governed by 28 U.S.C. § 1915(a), which provides:

> [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses[1] that the person is unable to pay such fees or give security therefor.

To show poverty, the plaintiff need not show that he is "absolutely destitute." *Id.* Instead, the affidavit must demonstrate that the plaintiff, "because of his poverty, is unable to pay for the court fees and costs, and to support and provide necessities for himself and his dependents." *Id.* However, this statute "should not be a broad highway into the federal courts." *Attwood v. Singletary*, 105 F.3d 610, 613 (11th Cir. 1997); *Mack v. Petty*, 2014 WL 3845777, at *1 (N.D. Ga. Aug. 4, 2014). Section 1915(a) "conveys only a privilege to proceed without payment to only those litigants unable to pay costs without undue hardship." *Mack*, 2014 WL 3845777, at *1 (citation omitted). The district court is given wide discretion to decide IFP cases and should "grant the privilege sparingly," especially in civil cases for damages. *Martinez*, 364 F.3d at 1306.

---

[1] "Despite the statute's use of the phrase 'prisoner possesses,' the affidavit requirement applies to all persons requesting leave to proceed IFP." *Martinez*, 364 F.3d at 1306 n.2.

Bell filed three financial affidavits, some of which seem to contradict each other. Bell provides that he receives $850 a month from both disability and unemployment payments in two of his financial affidavits (Docs. 2; 3), but only claims to receive $841 a month from disability or worker's compensation payments in his third financial affidavit. (Doc. 7.) However, Bell consistently reports low amounts of available cash or funds in his banking account(s)—between $20 to $50 dollars. (Docs. 2; 3; 7.) Despite the lack of clarity in Bell's filings, the Court accepts that Bell has demonstrated he is unable to pay the costs and fees associated with this lawsuit. Accordingly, his motion to proceed IFP is **GRANTED**.

## B. Frivolity Review and Order to Recast

Because Bell is proceeding IFP, the Court must review his complaint and dismiss if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). "A dismissal under § 1915(e)(2)(B)(ii) for failure to state a claim is governed by the same standard as a dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6)."[2] *Thomas v. Harris*, 399 F. App'x 508,

---

[2] To avoid dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint must contain specific factual matter to "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Under this standard, "all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." *In re Galectin Therapeutics, Inc. Sec. Litig.*, 843 F.3d 1257, 1269 n.4 (11th Cir. 2016) (quoting *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1261 (11th Cir. 2006) (quotation marks and citation omitted)).

509 (11th Cir. 2010) (citing *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997)).

Additionally, because Bell is proceeding pro se, his "pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003) (quotation marks and citation omitted). But "this leniency does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168–69 (11th Cir. 2014) (quotation marks omitted). *See also Osahar v. U.S. Postal Serv.,* 297 F. App'x 863, 864 (11th Cir. 2008) ("Despite the leniency afforded pro se plaintiffs, the district court does not have license to rewrite a deficient pleading." (citation omitted)).

Bell's claims center around injuries he allegedly sustained while playing football at Tift County High School.[3] (Doc. 1 at 4.) Bell alleges that the named defendants were negligent in allowing him to play football without insurance and that medical professionals were negligent in his medical treatment following his injuries. (Docs. 1-1; 4; 6.) Bell raises these claims against Tift County High School and Tift General Hospital. As a result of the alleged negligence on the part of the named defendants, Bell claims to suffer from ongoing injuries and pain. (*Id.*)

---

[3] Bell filed two amended complaints after his initial complaint. (Docs. 4; 6.) The Court reviewed all of Bell's filings, and each of them raise similar claims from the same time-period against the same defendants. Therefore, as discussed above, each of Bell's filings fail to establish subject matter jurisdiction in this Court and indicate that Bell's claims are also time-barred.

Although Bell claims that the parties are in diversity, Bell admits that both he and the defendants are located in Georgia. (Doc. 1 at 1-2.) Therefore, there is no diversity between the parties, and the Court lacks subject matter jurisdiction over Bell's claims. *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998). Moreover, Bell claims that the alleged negligence occurred between 1991 and 1993, which is beyond the statute of limitations for claims based upon personal injuries or medical malpractice. (Doc. 1 at 4); *see Atichison v. Bd. of Regents of Univ. Sys. Of Ga.*, 802 F.App'x 495, 507 (11th Cir. 2020); O.C.G.A. §§ 9-3-33; 9-3-71. Accordingly, Bell has not stated a claim upon which relief can be granted, and his complaint must be dismissed.

## II. CONCLUSION

For the reasons explained above, Bell's complaint is **DISMISSED.**[4]

**SO ORDERED** this 15th day of May, 2023.

*s/Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**

aem

---

[4] Because Bell's complaint is dismissed, Bell's motion to appoint counsel (Doc. 8) and Defendant Tift General Hospital's motion to dismiss (Doc. 10) are each **DISMISSED as moot.**